UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

IN RE:                                                            Case No. 10-28935-RBR

GLOBAL ENERGIES, LLC
f/k/a 714 Technologies, LLC                                      Chapter 7
                                                                 (Involuntary)
                        Debtor.
_____/

JOSEPH G. WORTLEY,
        Plaintiff,
vs.

RICHARD TARRANT, JAMES JURANITCH,                                Adv. Pro. No. 15-01447-RBR
CHRISPUS VENTURE CAPITAL, LLC,
CHAD P. PUGATCH, RICE PUGATCH
ROBINSON & SCHILLER, P.A. and
PLASMA POWER, LLC,

        Defendants.
_____/

**RICHARD TARRANT AND CHRISPUS VENTURE CAPITAL, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT [ECF NO. 1],
AS MODIFIED BY THE COURT'S ORDER GRANTING AND DENYING IN
PART THE DEFENDANTS' MOTIONS TO DISMISS [ECF NO. 85]**

Richard Tarrant ("Mr. Tarrant") and Chrispus Venture Capital, LLC ("Chrispus")

(collectively, the "Defendants"), by and through undersigned counsel, hereby file their Answer

and Affirmative Defenses to the Complaint filed by Plaintiff, Joseph G. Wortley ("Wortley"), as

modified by the Court's *Order Granting in Part and Denying in Part Defendants' Motions to*

*Dismiss [D.E. 33,34, 46]; and Denying the Motion to Amend [D.E. 57]* (the "Dismissal Order")

[ECF No. 85].[1]

_____

[1] The Dismissal Order dismissed Counts V, VI, VII, IX, XI, XIII, and XIV of the Complaint. As such, Plasma
Power, LLC ("Plasma Power") is no longer a named defendant in this instant adversary proceeding as those counts
directed at Plasma Power (i.e. Counts VI, IX, XI, XIII of the Complaint) have been dismissed. Accordingly, Plasma
Power is not answering the Complaint. However, to the extent that Plasma Power has not been dismissed from the
Complaint in its entirety, Plasma Power hereby joins in the Defendants' Answer and Affirmative Defenses.
{37023035;2}

I.   **DEFENDANTS' ANSWER TO THE COMPLAINT AS AMENDED BY THE DISMISSAL ORDER.**

Each of the following numbered paragraphs correspond to the numbered paragraph in the Complaint:

## NATURE OF THE ACTION

1.   Defendants admit that Wortley purports to bring this action for money damages and other relief against the Defendants in his personal capacity, but Defendants deny that Wortley has standing to brings Counts I-III as a representative of Global Energies LLC (the "Debtor"), its bankruptcy estate or any other persons.   Defendants deny the remaining allegations of Paragraph 1 of the Complaint.

2.   Defendants deny the allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3.   Defendants admit that the Eleventh Circuit Court of Appeals issued an Order dated August 15, 2014 regarding Wortley's appeal of the Court's order denying his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure in which he sought a new hearing on his §1112 dismissal motion.   Defendants submit that the Eleventh Circuit's opinion as issued in its entirety speaks for itself, and, therefore, deny Wortley's allegations as summarized in Paragraph 3 of the Complaint and demand strict proof thereof.

4.   Defendants admit that the Wortley seeks the relief he attempts to set forth in his Complaint, but deny that he is entitled to any relief and otherwise deny the allegations set forth in Paragraph 4 the Complaint and demand strict proof thereof.

5.   Defendants admit that Wortley purports to bring this action for money damages and other relief against the Defendants in his personal capacity, but Defendants deny that Wortley has standing to seek damages as a representative of the Debtor, and its bankruptcy

estate, and further deny his entitlement to such damages, and demand strict proof thereof. Defendants deny the remaining allegations of Paragraph 5 of the Complaint.

## PARTIES

6.      Defendants admit that Wortley *was* a co-managing member and owner of 32% of the membership interest in the Debtor. However, Defendants submit that the Debtor has been in bankruptcy for five (5) years under the control of a Trustee, and therefore is no longer an operating entity.  Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

7.      Defendants admit that Mr. Juranitch *was* a co-managing member and the owner of 63% of the membership interest in the Debtor. However, Defendants submit that the Debtor has been in bankruptcy for five (5) years under the control of a Trustee, and therefore is no longer an operating entity.   Defendants deny Mr. Juranitch is the owner of 50% of the membership interests in Plasma Power.  Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendants admit that Mr. Tarrant is a principal and 93% owner of Chrispus.

9.      Defendants admit that Chrispus is a Delaware limited liability company having a principal address of 360 Route 101, Suite 3A, Bedford, NH, 03110.  Defendants admit that Chrispus *was* the owner of 5% of the membership interests in the Debtor.  Defendants deny that Chrispus own 50% of the ownership interests in Plasma Power.

10.      Defendants admit that Plasma Power is a foreign limited liability company with a principal address of 730 West McNab Road, Fort Lauderdale, Florida 33309.  Defendants deny that the membership interests of Plasma Power are owned in equal parts by Mr. Juranitch and Chrispus.

11.      Defendants are without knowledge as to the allegations contained in Paragraph 11 of the Complaint, and therefore deny same.

Adv. Case No.: **15-01447-RBR**

12.    Defendants admit that Mr. Pugatch represented Chrispus and Mr. Tarrant prior to the commencement of the case, but are otherwise without knowledge as to the allegations set forth in paragraph 12, and therefore deny same.

## JURISDICTION

13.    Defendants admit the Court has jurisdiction over this proceeding.

14.    Defendants deny that the entirety of this proceeding constitutes a "core" proceeding as defined in 28 U.S.C. §157(b)(2)(A), and demand strict proof thereof. However, in the event a court of competent jurisdiction finds any part if this proceeding to be "non-core", Defendants consent to the entry of final orders and judgments by this Court, pursuant to Rule 7008, Federal Rules of Bankruptcy Procedure.

15.    Defendants admit that venue in this District is proper.

## FACTUAL ALLEGATIONS

16.    Defendants admit that the Eleventh Circuit Court of Appeals issued an Order dated August 15, 2014 regarding Wortley's appeal of the Court's order denying his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure in which he sought a new hearing on his §1112 dismissal motion.  Defendants submit that the Eleventh Circuit's opinion as issued in its entirety speaks for itself, and, therefore, deny Wortley's allegations as summarized in Paragraph 16 of the Complaint.

17.    Defendants are without knowledge as to the allegations contained in Paragraph 17 of the Complaint, and therefore deny same.

18.    Defendants are without knowledge as to the allegations contained in Paragraph 18 of the Complaint, and therefore deny same.

19.    Defendants are without knowledge as to the allegations contained in Paragraph 19 of the Complaint, and therefore deny same.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

20.     Defendants are without knowledge as to the allegations contained in Paragraph 20 of the Complaint, and therefore deny same.

21.     Defendants are without knowledge as to the allegations contained in Paragraph 21 of the Complaint, and therefore deny same.

22.     Defendants are without knowledge as to the allegations contained in Paragraph 22 of the Complaint, and therefore deny same.

23.     Defendants are without knowledge as to the allegations contained in Paragraph 23 of the Complaint, and therefore deny same.

24.     Defendants admit that subsequent to the execution of the Master Promissory Note and Security Agreement, Wortley and Mr. Tarrant had a conversation about the Debtor and its potential growth prospects. Defendants otherwise deny the allegations of Paragraph 24 of the Complaint, and demand strict proof thereof.

25.     Defendants admit that on or about May 29, 2009, Chrispus agreed to loan the Debtor money. The details of the loan transaction are represented in the Chrispus Promissory Note which Defendants submit speaks for itself.  Defendants otherwise  deny the allegations in Paragraph 25 of the Complaint, and demand strict proof thereof.

26.     Defendants admit that Mr. Tarrant is a 93% owner of Chrispus and Ronald Roberts ("Mr. Roberts") is a 7% owner of Chrispus.  Defendants admit that Mr. Roberts is the sole managing member of Chrispus.

27.     Defendants submit that the Amended Operating Agreement speaks for itself. Defendants otherwise deny the allegations of Paragraph 27 of the Complaint, and demand strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

28.    Defendants submit that the Amended Operating Agreement speaks for itself. Defendants otherwise deny the allegations of Paragraph 28 of the Complaint, and demand strict proof thereof.

29.    Defendants submit that the Amended Operating Agreement speaks for itself. Defendants otherwise deny the allegations of Paragraph 29 of the Complaint, and demand strict proof thereof.

30.    Defendants submit that the Amended Operating Agreement speaks for itself. Defendants otherwise deny the allegations of Paragraph 30 of the Complaint, and demand strict proof thereof.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint and demand strict proof thereof.

32.    Defendants admit that in late April 2010, Mr. Juranitch and Mr. Tarrant traveled to Iowa. Defendants otherwise deny the allegations contained in Paragraph 32 of the Complaint and demand strict proof thereof.

33.    Defendants submit that the Exhibits 9, 10, and 11 speak for themselves. Defendants otherwise deny the allegations contained in Paragraph 33 of the Complaint and demand strict proof thereof.

34.    Defendants submit that the Exhibits 12 and 13 speak for themselves. Defendants otherwise deny the allegations contained in Paragraph 34 of the Complaint and demand strict proof thereof.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint and demand strict proof thereof.

36.    Defendants submit that Exhibit 14 speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 36 of the Complaint and demand strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint and demand strict proof thereof.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint and demand strict proof thereof.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint and demand strict proof thereof.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint and demand strict proof thereof.

41.     Defendants admit that on June 7, 2010, Plasma Power, was formally organized as a Delaware limited liability company by Mr. Tarrant, Mr. Roberts and Mr. Juranitch. Defendants admit that they neither provided, nor offered, to Wortley any interest in Plasma Power. Defendants deny the remaining allegations of Paragraph 41 of the Complaint as worded and demand strict proof thereof.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint and demand strict proof thereof.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint and demand strict proof thereof.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint and demand strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

47.     Defendants submit that Exhibits 30 and 31 speaks for themselves.  Defendants otherwise deny the allegations contained in Paragraph 47 of the Complaint and demand strict proof thereof.

48.     The Defendants deny the allegations of Paragraph 48 of the Complaint and demand strict proof thereof.

49.     The Defendants deny the allegations of Paragraph 49 of the Complaint and demand strict proof thereof.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint and demand strict proof thereof.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint and demand strict proof thereof.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint and demand strict proof thereof.

53.     Defendants submit that Exhibits 36, 37, and 38 and the Eleventh Circuit's opinion as issued in its entirety speaks for themselves.  Defendants otherwise deny the allegations contained in Paragraph 53 of the Complaint and demand strict proof thereof.

54.     Defendants submit that Exhibit 39 speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 54 of the Complaint and demand strict proof thereof.

55.     Defendants admit that Mr. Tarrant and Wortley attended a golf tournament in June of 2010.  Defendants submit that Exhibit 37 speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 55 of the Complaint and demand strict proof thereof.

56.     Defendants submit that Exhibit 41 speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 56 of the Complaint and demand strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

57.     Defendants submit that Exhibit 41 speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 57 of the Complaint and demand strict proof thereof.

58.     Defendants submit that Exhibit 42 speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 58 of the Complaint and demand strict proof thereof.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint and demand strict proof thereof.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint and demand strict proof thereof.

61.     Defendants submit that the Sale Order speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 61 of the Complaint and demand strict proof thereof.

62.     Defendants admit that Wortley filed a claim, and admit that the Court reduced the amount thereof.  Defendants are without knowledge as to the remaining allegations in contained in Paragraph 62, and therefore deny same.

63.     Defendants admit that following this Court's denial of the Rule 60(b) Motion, and the U.S. District Court's affirmation of such denial on appeal, Wortley appealed further to the Eleventh Circuit. Defendants otherwise deny the allegations contained in Paragraph 63 of the Complaint and demand strict proof thereof.

64.     Defendants submit that the Eleventh Circuit's opinion as issued in its entirety speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 64 of the Complaint and demand strict proof thereof.

65.     Defendants submit that the Eleventh Circuit's opinion as issued in its entirety speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 65 of the Complaint and demand strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

66.    Defendants are without knowledge as to the allegations in contained in Paragraph 66 of the Complaint, and therefore deny same.

67.    Defendants submit that Exhibit 46 speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 67 of the Complaint and demand strict proof thereof.

## COUNT I – AVOIDANCE OF SALE

### (Against Chrispus Pursuant to 11 U.S.C. § 549(a))

68.    Chrispus re-alleges and reincorporates Defendants' answers to paragraphs 1-67 above, as if fully set forth herein.

69.    Chrispus submits that the Eleventh Circuit's opinion as issued in its entirety speaks for itself. Chrispus otherwise denies the allegations contained in Paragraph 69 of the Complaint and demands strict proof thereof.

70.    Chrispus is without knowledge as to the allegations contained in Paragraph 70 of the Complaint and therefore denies same.

71.    Chrispus admits that the Sale was consummated on or after November 30, 2010, at least three months after the commencement of the case.

72.    Chrispus denies the allegations contained in Paragraph 72 of the Complaint and demands strict proof thereof.

73.    Chrispus submits that the Eleventh Circuit's opinion as issued in its entirety speaks for itself. Chrispus otherwise denies the allegations contained in Paragraph 73 of the Complaint and demands strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Adv. Case  No.: 15-01447-RBR

## COUNT II – RECOVERY OF AVOIDED SALE

### (Against Chrispus Pursuant to 11 U.S.C. § 550(a))

74.     Chrispus re-alleges and reincorporates Defendants' answers to paragraphs 1-73 above, as if fully set forth herein.

75.     Chrispus submits that the Eleventh Circuit's opinion as issued in its entirety speaks for itself.  Chrispus otherwise denies the allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof.

76.     Chrispus admits that it purchased the Debtor's assets pursuant to the Section 363 Sale. Chrispus submits that the Eleventh Circuit's opinion as issued in its entirety speaks for itself.  Chrispus otherwise denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof.

## COUNT III – PRESERVATION OF TRANSFER

### (Pursuant to 11 U.S.C. § 551)

77.     Defendants re-allege and reincorporate the answers to paragraphs 1-76 above, as if fully set forth herein.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint and demand strict proof thereof.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint and demand strict proof thereof.

## COUNT IV – EQUITABLE SUBORDINATION OF DEFENDANTS' INTERESTS IN THE DEBTOR

### (Against Mr. Tarrant, Mr. Juranitch, and Chrispus Pursuant to 11 U.S.C. § 510(c)(1))

80.     Defendants re-allege and reincorporate the answers to paragraphs 1-79 above, as if fully set forth herein.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Adv. Case  No.: 15-01447-RBR

81.    Defendants submit that the Eleventh Circuit's opinion as issued in its entirety speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 81 of the Complaint and demand strict proof thereof.

82.    Defendants deny the allegations contained in Paragraph 82 of the Complaint, and demand strict proof thereof.

83.    Defendants deny the allegation contained in Paragraph 83 of the Complaint, and demand strict proof thereof.

## COUNT V – DISMISSAL OF INVOLUNTARY PETITION

**(Pursuant to 11 U.S.C. §§303, Bankruptcy Rule 1011 and Fla. Stat. 605.0802)**

84.    Count V has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

85.    Count V has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

86.    Count V has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

87.    Count V has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

## COUNT VI- RECOVERY OF DAMAGES IN CONNECTION WITH DISMISSAL OF INVOLUNTARY PETITION

**(Against All Defendants Pursuant to 11 U.S.C. § 303(i) and Fla. Stat. 605.0808)**

88.    Count VI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

89.    Count VI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

90.     Count VI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

91.     Count VI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

92.     Count VI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

93.     Count VI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

### Count VII – PAYMENT OF MR. WORTLEY'S ALLOWED CLAIM

### (Pursuant to 11 U.S.C. § 502(a))

94.     Count VII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

95.     Count VII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

96.     Count VII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

### COUNT VIII – EQUITABLE DISALLOWANCE OF THE CHRISPUS CLAIM

### (Against Chrispus)

97.     Chrispus re-alleges and reincorporates the answers to paragraphs 1-96 above, as if fully set forth herein.

98.     Chrispus denies the allegations contained in Paragraph 98 of the Complaint and demands strict proof thereof.

99.     Chrispus denies the allegations contained in Paragraph 99 of the Complaint and demands strict proof thereof.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## COUNT IX – TRANSFER OF THE DEFENDANTS' MEMBERSHIP INTERESTS IN, AND ACCOUNTING AND DISGORGEMENT OF DEFENDANTS' ADDITIONAL PROFITS FROM, PLASMA POWER

**(Against Chrispus, Mr. Juranitch, Mr. Tarrant, and Plasma Power)**

100.    Count IX has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

101.    Count IX has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

102.    Count IX has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

## COUNT X – ACCOUNTING AND DISGORGEMENT PF DEFENDANT' LEGAL FEES

**(Against Mr. Pugatch and RPRS)**

103.    Count X is not directed at the Defendants.

104.    Count X is not directed at the Defendants.

105.    Count X is not directed at the Defendants.

## COUNT XI – REIMBURSEMENT OF PLAINTIFF'S ATTORNEYS' FEES AND COSTS

**(Against All Defendants)**

106.    Count XI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

107.    Count XI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

108.    Count XI has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

## COUNT XII – REIMBURSEMENT OF PLAINTIFF'S EXCESS COSTS, EXPENSES, AMD ATTORNEYS' FEES

**(Against Mr. Pugatch and RPRS Pursuant to 28 U.S.C. § 1927)**

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

109.    Count XII is not directed at the Defendants.

110.    Count XII is not directed at the Defendants.

111.    Count XII is not directed at the Defendants.

### COUNT XIII – ATTACHMENT OF DEFENDANT'S PROPERTY

**(Against All Defendants Pursuant to Florida Statute §§76.03-.08)**

112.    Count XIII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

113.    Count XIII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

114.    Count XIII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

115.    Count XIII has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

### COUNT XIV – AMENDMENT OF PLEADINGS

**(Pursuant to Bankruptcy Rule 7015(b)(2))**

116.    Count XIV has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

117.    Count XIV has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

118.    Count XIV has been dismissed as per the Court's Dismissal Order dated December 13, 2015.

### DEMAND FOR JURY TRIAL

Concurrently with the filing of this Answer and Affirmative Defenses, Defendants are filing a *Motion to Strike Jury Trial*. The only remaining counts in the Complaint directed against

the Defendants are Counts I (§549); Count II (§550); Count III (§551); Count IV (Equitable Subordination under §510(c)); and Count VIII (Equitable Disallowance).  All of these Counts are equitable in nature and therefore do not afford Wortley the right to a jury trial.

## CONCLUSION

Anything not specifically herein admitted to in the Complaint, including, but not limited to, headings, captions, and footnotes is hereby denied by the Defendants.

## II.    DEFENDANTS' AFFIRMATIVE DEFENSES.

### FIRST AFFIRMATIVE DEFENSE: UNCLEAN HANDS

As and for their First Affirmative Defense, Defendants assert that Wortley is unable to seek equitable relief from Defendants because he comes to this Court with unclean hands.  The evidence will show that the discovery documents, which are the subject of purported discovery misconduct, were made available to Wortley in June, 2011 (not March, 2012).  This was before the September, 2011 hearing on Wortley's renewed motion to dismiss the bankruptcy.  Moreover, as the evidence will show, Wortley himself admits that he had "evidence" of the Defendants alleged misconduct prior to the sale.  As a result, Wortley's state court attorney submitted an inaccurate affidavit in support of Wortley's Rule 60(b) Motion wherein he averred that the subject documents were first "discovered" on March 29, 2012 and that they first learned of the alleged wrongful conduct in March, 2012.  These facts are not yet in the record because neither the bankruptcy court nor the district court held a hearing on Wortley's allegation of intentional non-production.  Wortley cannot now be heard to complain of the Defendants' conduct, and thus seek equitable relief, where Wortley has misled both this Court and the Eleventh Circuit.

### SECOND AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE

As and for their Second Affirmative Defense, Defendants assert that to the extent Wortley sustained any loss by reason of the purported discovery misconduct, that loss was caused directly or indirectly by Wortley or those agents acting on behalf of Wortley, such that Wortley could have easily avoided such loss had he acted prudently and promptly in reviewing the subject discovery documents when they were first made available to him in June, 2011.

### THIRD AFFIRMATIVE DEFENSE:

As and for their Third Affirmative Defense, the Defendants submit that the if the Court vacates the Sale Order in accordance with the Eleventh Circuit's opinion, the Defendants must be restored to their status quo, including the receipt of the full purchase price paid for the Debtor's assets, allowance of Defendants' claim in full, and (in the event Rice Pugatch Robinson & Schiller, P.A. is made to disgorge all attorneys fees and costs paid by Chrispus), the return of such monies to Chrispus.

### FOURTH AFFIRMATIVE DEFENSE: UNJUST ENRICHMENT

As and for their Fourth Affirmative Defense, Defendants assert that the relief requested by Wortley constitutes unjust enrichment as it constitutes a windfall recovery which Wortley would not have otherwise received, even if the alleged misconduct had never taken place. Such relief should, therefore, be disallowed and it exceeds the scope contemplated by the Eleventh Circuit Opinion.

### FIFTH AFFIRMATIVE DEFENSE: NO COLLATERAL ESTOPPEL

As and for their Fifth Affirmative Defense, Defendants assert that the Eleventh Circuit is not a fact finder. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1293 (11th Cir. 2010) ("[A]s everyone knows, appellate courts may not make fact findings"); *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 967 n. 6 (11th Cir. 2007) ("Because we are not factfinders, when we need facts to

resolve legal questions before us, we return the case to the district court on limited remand for the requisite factfinding or determination of specific factual issues."). As stated above, neither the bankruptcy court nor the district court held a hearing on Wortley's allegation of intentional non-production; accordingly, there was no record of the issue before the Eleventh Circuit. Thus, the Eleventh Circuit Opinion does not create a collateral estoppel issue with respect to the purported discovery misconduct.

**SIXTH AFFIRMATIVE DEFENSE: STANDING**

As and for their Sixth Affirmative Defense, Defendants assert that Wortley lacks the requisite standing to pursue the scope of relief sought in the remaining Counts of the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE: TIME-BARRED**

As and for their Seventh Affirmative Defense, Defendants assert that Wortley's claims are time barred, as pursuant to 11 U.S.C. §549(d), an action or proceeding under section 549 may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed. 11 U.S.C. §549(d). This case was commenced approximately five years after the date of the transfer and is therefore time barred.

**EIGHTH AFFIRMATIVE DEFENSE: WAIVER**

As and for their Eighth Affirmative Defense, Defendants assert that the *Order Approving Trustee's Sale of Personal Property Free and Clear of all Liens, Claims and Encumbrances and other Interests and Granting Related Relief* (the "Sale Order") [ECF No. 98] issued on November 30, 2010 as well as the *Order for Relief* [ECF No. 15] issued on August 4, 2010 are final non-appealable orders. Neither the Sale Order nor the Order for Relief were the subject of Wortley's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure in which he sought a new hearing on his §1112 dismissal motion. Thus, any attack on the Sale Order or the Order for Relief is precluded.

Adv. Case No.: 15-01447-RBR

Further, much of the relief Wortley seeks arises from the allegedly improper filing of the involuntary bankruptcy petition. Section 303 of the Bankruptcy Code provides the sole avenue of relief available for an improper involuntary petition. However, as set forth more fully in *Defendant's Motion to Dismiss Counts V, VI, VII, IX, XI, XIII, and XIV of the* Complaint [ECF No. 34] and the Court's Dismissal Order, any such causes of action or claims to damages arising under §303 are time barred. Accordingly, Wortley cannot circumvent the Court's Dismissal Order by seeking damages based on the filing an alleged improper involuntary petition.

### NINTH AFFIRMATIVE DEFENSE: SUBORDINATION OF THE CHRISPUS CLAIM WOULD PROVE INEQUITABLE

As and for their Ninth Affirmative Defense, Defendants assert that any subordination of Chrispus' claim would be inequitable in nature, as Defendants acted in good faith in connection with their investment in and loan to the Debtor and any alleged wrongful conduct took place after the investment and loan were made.

### TENTH AFFIRMATIVE DEFENSE: EQUITABLE SUBORDINATION IS REMEDIAL  IN NATURE, NOT PUNITIVE

As and for their Tenth Affirmative Defense, Defendants assert that the relief sought by the Plaintiff is punitive in nature and beyond the scope of the causes of action he brings and the relief contemplated by the Eleventh Circuit.  Equitable subordination is a remedial in nature, not punitive.

### ELEVENTH AFFIRMATIVE DEFENSE: CAUSATION IS LACKING

As and for their Eleventh Affirmative Defense, the Defendants submit that the Defendants' alleged inequitable conduct could not have caused the Plaintiff's injury as the Debtor ceased operating prior to the alleged wrongful conduct. At the time the involuntary petition was filed, Global was insolvent, not operating and was otherwise defunct.  Thus, Wortley could not have been injured as a result of the alleged wrongful conduct.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Adv. Case No.: **15-01447-RBR**

## JOINDER

To the extent that other defendants in this actions are similarly situated to the Defendants, the Defendants may join in any affirmative defenses filed by those defendants, to the extent that such defenses are not addressed herein.

## RESERVATION OF RIGHTS

Discovery in this matter is ongoing. As such, Defendants hereby reserve their rights to amend their Affirmative Defenses.

Dated: December 23, 2015

**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2999
Phone: (954) 463-2700
Fax: (954) 463-2224

By: _/s/ Michael I. Goldberg, Esq._
Michael I. Goldberg, Esq.
Florida Bar Number: 886602
Email: michael.goldberg@akerman.com
Catherine E. Douglas, Esq.
Florida Bar Number 85843
Email: catherine.douglas@akerman.com

*Counsel for Defendants, Richard Tarrant, Chrispus Venture Capital, LLC, and Plasma Power, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing document is being served December 23, 2015, to those parties as listed on the attached Service List.

By: _/s/ Michael I. Goldberg, Esq._ _____

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Adv. Case No.: **15-01447-RBR**

## SERVICE LIST

**15-01447-RBR Notice will be electronically mailed to:**

Tara Campion on behalf of Plaintiff Joseph G Wortley
tcampion@rogowlaw.com,wbaldiga@brownrudnick.com;jgarfinkle@brownrudnick.com;acunni
ngham@brownrudnick.com;cennis@brownrudnick.com;lcharron@brownrudnick.com;berkley.s
weetapple@gmail.com

Catherine E Douglas on behalf of Defendant Chrispus Venture Capital, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant Richard Tarrant
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Michael I Goldberg, Esq on behalf of Defendant Chrispus Venture Capital, LLC
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Michael I Goldberg, Esq on behalf of Defendant Richard Tarrant
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Nolan K. Klein on behalf of Defendant James C Juranitch
klein@nklegal.com, amy@nklegal.com

George L. Zinkler on behalf of Defendant Rice Pugatch Robinson Schiller, PA
gzinkler.ecf@rprslaw.com

George L. Zinkler on behalf of Defendant Chad P. Pugatch
gzinkler.ecf@rprslaw.com

**15-01447-RBR Notice will not be electronically mailed to:**

William R Baldiga, Esq on behalf of Plaintiff Joseph G Wortley
Brown Rudnick LLP
7 Times Square
New York, NY 10036

Jesse N Garfinkle on behalf of Plaintiff Joseph G Wortley
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

Bruce S Rogow, Esq. on behalf of Plaintiff Joseph G Wortley
500 East Broward Blvd , Suite 1930
Ft. Lauderdale, FL 33394

{37023035;2}                                    - 21 -