UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.  10-28935-RBR

GLOBAL ENERGIES, LLC,                           Chapter 7
f/k/a 714 Technologies, LLC,                    (Involuntary)

            Debtor.

_____/

JOSEPH G. WORTLEY,                              Adv. Proc. No. 15-01447-RBR

            Plaintiff,

vs.

RICHARD TARRANT, JAMES JURANITCH,
CHRISPUS VENTURE CAPITAL, LLC,
CHAD P. PUGATCH, RICE PUGATCH
ROBINSON & SCHILLER, P.A. and
PLASMA POWER, LLC,

            Defendants.

_____/

**CHAD P. PUGATCH AND RICE PUGATCH ROBINSON & SCHILLER,
P.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
FOR RELIEF ON REMAND FROM ELEVENTH CIRCUIT COURT OF
APPEALS AS MODIFIED BY THE COURT'S ORDER GRANTING AND
DENYING IN PART THE DEFENDANTS' MOTIONS TO DISMISS [ECF NO. 85]**

        Defendants, Chad P. Pugatch ("Pugatch") and Rice Pugatch Robinson & Schiller, P.A.

("RPRS") (collectively, the "Defendants"), through counsel, hereby file their Answer and

Affirmative Defenses to the Complaint for Relief on Remand from Eleventh Circuit Court of

Appeals (the "Complaint") filed by Plaintiff, Joseph G. Wortley ("Wortley"), as modified by the

Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss [D.E. 33,

34, 46]; and Denying the Motion to Amend [D.E. 57] [collectively, ECF No. 85] (the "Dismissal

Order"), and respond to the Complaint as follows:

## NATURE OF THE ACTION

1.    Defendants are without knowledge to either admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore deny same and demand strict proof thereof.

2.    Defendants deny the allegations contained in paragraph 2 of the Complaint and demand strict proof thereof.

3.    Defendants deny the allegations contained in paragraph 3 of the Complaint that the findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014 (the "Eleventh Circuit Opinion") conclusively establish both the Defendants' underlying liability and the mandated relief to which Mr. Wortley is entitled, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

4.    Defendants deny the allegations contained in paragraph 4 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

5.    Defendants deny the allegations contained in paragraph 5 of the Complaint and demand strict proof thereof.

## PARTIES

6.    Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.    Defendants are without knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore deny same and demand strict proof thereof.

8.    Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.    Defendants are without knowledge to either admit or deny the allegations

contained in paragraph 9 of the Complaint, and therefore deny same and demand strict proof thereof.

10. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint, and therefore deny same and demand strict proof thereof.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit Pugatch is a member of the Florida Bar who represented Chrispus and Mr. Tarrant since before the commencement of this case [up to his stipulated substitution with Michael Goldberg, Esq. and Akerman, LLP on March 3, 2015 on behalf of Chrispus and Mr. Tarrant], is a shareholder of RPRS, and employed by RPRS at all material times, but deny any implication contained in paragraph 12 of the Complaint as to Pugatch's conduct and demand strict proof thereof.

## JURISDICTION

13. Defendants admit the allegations contained in paragraph 13 of the Complaint for jurisdictional purposes only.

14. Defendants deny the allegation contained in paragraph 14 of the Complaint that the entirety of this proceeding is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), and demand strict proof thereof.  However, in the event a court of competent jurisdiction finds any part of this proceeding to be "non-core," Defendants consent to the entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint for venue purposes only.

## FACTUAL ALLEGATIONS

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

17. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore deny same and demand strict proof thereof.

18. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint, and therefore deny same and demand strict proof thereof.

19. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 19 of the Complaint, and therefore deny same and demand strict proof thereof.

20. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 20 of the Complaint, and therefore deny same and demand strict proof thereof.

21. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore deny same and demand strict proof thereof.

22. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 22 of the Complaint, and therefore deny same, demand strict proof thereof, and state that the Security Agreement speaks for itself.

23. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 23 of the Complaint, and therefore deny same and demand strict proof

thereof.

24. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 24 of the Complaint, and therefore deny same and demand strict proof thereof.

25. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 25 of the Complaint, and therefore deny same, demand strict proof thereof, and state that the Chrispus Promissory Note speaks for itself.

26. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 26 of the Complaint, and therefore deny same and demand strict proof thereof.

27. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 27 of the Complaint, and therefore deny same and demand strict proof thereof.

28. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 28 of the Complaint, and therefore deny same, demand strict proof thereof, and state that the Amended Operating Agreement speaks for itself.

29. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 29 of the Complaint, and therefore deny same, demand strict proof thereof, and state that the Amended Operating Agreement speaks for itself

30. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 30 of the Complaint, and therefore deny same and demand strict proof thereof.

31. Defendants are without knowledge to either admit or deny the allegations

contained in paragraph 31 of the Complaint, and therefore deny same and demand strict proof thereof.

32. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 32 of the Complaint, and therefore deny same and demand strict proof thereof.

33. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore deny same and demand strict proof thereof.

34. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 34 of the Complaint, and therefore deny same and demand strict proof thereof.

35. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 35 of the Complaint, and therefore deny same and demand strict proof thereof.

36. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 36 of the Complaint, and therefore deny same and demand strict proof thereof.

37. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 37 of the Complaint, and therefore deny same and demand strict proof thereof.

38. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 38 of the Complaint, and therefore deny same and demand strict proof thereof.

39. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 39 of the Complaint, and therefore deny same and demand strict proof thereof.

40. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 40 of the Complaint, and therefore deny same and demand strict proof thereof.

41. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 41 of the Complaint, and therefore deny same and demand strict proof thereof.

42. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 42 of the Complaint, and therefore deny same and demand strict proof thereof.

43. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 43 of the Complaint, and therefore deny same and demand strict proof thereof.

44. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 44 of the Complaint, and therefore deny same and demand strict proof thereof.

45. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 45 of the Complaint, and therefore deny same and demand strict proof thereof.

46. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 46 of the Complaint, and therefore deny same and demand strict proof

thereof.

47. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 47 of the Complaint, and therefore deny same and demand strict proof thereof.

48. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 48 of the Complaint, and therefore deny same and demand strict proof thereof.

49. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 49 of the Complaint, and therefore deny same and demand strict proof thereof.

50. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 50 of the Complaint, and therefore deny same and demand strict proof thereof.

51. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 51 of the Complaint, and therefore deny same and demand strict proof thereof.

52. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 52 of the Complaint, and therefore deny same and demand strict proof thereof.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint and demand strict proof thereof.

55. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 55 of the Complaint, and therefore deny same and demand strict proof thereof.

56. Defendants admit that Chrispus instructed Pugatch to file the Involuntary Petition and it was previously executed on June 8, 2010, but deny the remaining allegations contained in paragraph 56 of the Complaint and demand strict proof thereof.

57. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 57 of the Complaint, and therefore deny same and demand strict proof thereof.

58. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 58 of the Complaint, and therefore deny same and demand strict proof thereof.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint and demand strict proof thereof.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint, demand strict proof thereof, and state that Joseph G. Wortley's Objection to Trustee's Motion to Approve Sale (Etc.) [ECF No. 85] and the Eleventh Circuit Opinion speak for themselves.

61. Defendants admit that on November 30, 2010, the Court entered the Sale Order, but deny the remaining allegations contained in paragraph 61 of the Complaint and state that the Sale Order speaks for itself.

62. Defendants admit Mr. Wortley filed a proof of claim on December 17, 2010, but are without knowledge regarding whether the proof of claim was filed to "preserve [Wortley's] rights to payment for, among other things, his shareholder loans," and therefore deny same and

demand strict proof thereof.  Defendants admit that the Court reduced Wortley's proof of claim and allowed his claim in the amount of $203,193.57.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint and demand strict proof thereof. Defendants further state that the Rule 60(b) Motion was premised on an inaccurate affidavit, which was offered in support of the requested relief by Wortley's state court counsel, and therefore it was filed in bad faith as more fully explained in Defendants' First Affirmative Defense below.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

66. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 66 of the Complaint, and therefore deny same and demand strict proof thereof.

67. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 67 of the Complaint, and therefore deny same and demand strict proof thereof.

## COUNT I – AVOIDANCE OF SALE
**(Against Chrispus Pursuant to 11 U.S.C. § 549(a))**

68. Defendants incorporate and reallege their answers to paragraphs 1 through 67 of the Complaint as paragraphs 1 through 67 of Count I.

69. Count I of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

70. Count I of the Complaint is not directed to Defendants, therefore no response is

required from Defendants.

71. Count I of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

72. Count I of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

73. Count I of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

## COUNT II – RECOVERY OF AVOIDED SALE
### (Against Chrispus Pursuant to 11 U.S.C. § 550(a))

74. Defendants incorporate and reallege their answers to paragraphs 1 through 73 of the Complaint as paragraphs 1 through 73 of Count II.

75. Count II of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

76. Count II of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

## COUNT III – PRESERVATION OF TRANSFER
### (Pursuant to 11 U.S.C. § 551)

77. Defendants incorporate and reallege their answers to paragraphs 1 through 76 of the Complaint as paragraphs 1 through 76 of Count III.

78. Count III of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

79. Count III of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

### COUNT IV – EQUITABLE SUBORDINATION OF
### DEFENDANTS' INTERESTS IN THE DEBTOR
**(Against Mr. Tarrant, Mr. Juranitch, and Chrispus Pursuant to 11 U.S.C. § 510(c)(1))**

80. Defendants incorporate and reallege their answers to paragraphs 1 through 79 of the Complaint as paragraphs 1 through 79 of Count IV.

81. Count IV of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

82. Count IV of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

83. Count IV of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

### COUNT V – DISMISSAL OF INVOLUNTARY PETITION
**(Pursuant to 11 U.S.C. § 303, Bankruptcy Rule 1011 and Fla. Stat. § 605.0802)**

84. Defendants incorporate and reallege their answers to paragraphs 1 through 83 of the Complaint as paragraphs 1 through 83 of Count V.

85. Count V of the Complaint was dismissed by the Court pursuant to its Order Granting and Denying in Part Defendants' Motions to Dismiss [D.E. 33, 34, 46]; and Denying Motion to Amend [D.E. 57] (the "Dismissal Order"), therefore no response is required from Defendants.

86. Count V of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

87. Count V of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## COUNT VI – RECOVERY OF DAMAGES IN CONNECTION
## WITH DISMISSAL OF INVOLUTARY PETITION
### (Against All Defendants Pursuant to 11 U.S.C. § 303(i) and Fla. Stat. 605.0808)

88. Defendants incorporate and reallege their answers to paragraphs 1 through 87 of the Complaint as paragraphs 1 through 87 of Count VI.

89. Count VI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

90. Count VI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

91. Count VI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

92. Count VI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

93. Count VI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## COUNT VII – PAYMENT OF MR. WORTLEY'S ALLOWED CLAIM
### (Pursuant to 11 U.S.C. § 502(a))

94. Defendants incorporate and reallege their answers to paragraphs 1 through 93 of the Complaint as paragraphs 1 through 93 of Count VII.

95. Count VII of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

96. Count VII of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## COUNT VIII – EQUITABLE DISALLOWANCE OF THE CHRISPUS CLAIM
### (Against Chrispus)

97. Defendants incorporate and reallege their answers to paragraphs 1 through 96 of the Complaint as paragraphs 1 through 96 of Count VIII.

98. Count VIII of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

99. Count VIII of the Complaint is not directed to Defendants, therefore no response is required from Defendants.

## COUNT IX – TRANSFER OF DEFENDANTS' MEMBERSHIP INTERESTS IN, AND ACCOUNTING AND DISGORGEMENT OF DEFENDANTS' ADDITIONAL PROFITS FROM, PLASMA POWER
### (Against Chrispus, Mr. Juranitch, Mr. Tarrant, and Plasma Power)

100. Defendants incorporate and reallege their answers to paragraphs 1 through 99 of the Complaint as paragraphs 1 through 99 of Count IX.

101. Count IX of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

102. Count IX of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## COUNT X – ACCOUNTING AND DISGORGEMENT OF DEFENDANTS' LEGAL FEES
### (Against Mr. Pugatch and RPRS)

103. Defendants incorporate and reallege their answers to paragraphs 1 through 102 of the Complaint as paragraphs 1 through 102 of Count X.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

105.     Defendants deny the allegations contained in paragraph 105 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

## COUNT XI – REIMBURSEMENT OF PLAINTIFF'S ATTORNEYS' FEES AND COSTS
### (Against All Defendants)

106.     Defendants incorporate and reallege their answers to paragraphs 1 through 105 of the Complaint as paragraphs 1 through 105 of Count XI.

107.     Count XI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

108.     Count XI of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## COUNT XII – REIMBURSEMENT OF PLAINTIFF'S EXCESS COSTS, EXPENSES AND ATTORNEYS' FEES
### (Against Mr. Pugatch and RPRS Pursuant to 28 U.S.C. § 1927)

109.     Defendants incorporate and reallege their answers to paragraphs 1 through 108 of the Complaint as paragraphs 1 through 108 of Count XII.

110.     Defendants deny the allegations contained in paragraph 110 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

111.     Defendants deny the allegations contained in paragraph 111 of the Complaint, demand strict proof thereof, and state that the Eleventh Circuit Opinion speaks for itself.

## COUNT XIII – ATTACHMENT TO DEFENDANTS' PROPERTY
### (Against All Defendants Pursuant to Florida Statute §§ 76.03-.08)

112.     Defendants incorporate and reallege their answers to paragraphs 1 through

111 of the Complaint as paragraphs 1 through 111 of Count XIII.

113.    Count XIII of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

114.    Count XIII of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

115.    Count XIII of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## COUNT XIV – AMENDMENT OF PLEADINGS
### (Pursuant to Bankruptcy Rule 7015(b)(2))

116.    Defendants incorporate and reallege their answers to paragraphs 1 through 115 of the Complaint as paragraphs 1 through 115 of Count XIV.

117.    Count XIV of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

118.    Count XIV of the Complaint was dismissed by the Court's Dismissal Order, therefore no response is required from Defendants.

## DEMAND FOR JURY TRIAL

Contemporaneous with the filing of this Answer and Affirmative Defenses, Defendants are filing a Motion to Strike Jury Trial.  The only remaining counts in the Complaint directed against the Defendants are Counts X (Accounting and Disgorgement of Defendants' Legal Fees) and Count XII (Reimbursement of Plaintiff's Excess Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927).  These Counts are equitable in nature and therefore Wortley is not entitled to a jury trial.

## CONCLUSION

Anything not specifically admitted to in the Complaint, including, but not limited to,

headings, captions and footnotes are hereby denied by the Defendants.

## FIRST AFFIRMATIVE DEFENSE: UNCLEAN HANDS

As and for their First Affirmative Defense, Defendants assert that Wortley is precluded from seeking equitable relief from Defendants because he comes to this Court with unclean hands.  The evidence will show that the discovery documents, which are the subject of purported discovery misconduct and other alleged misconduct, were made available to Wortley no later than June, 2011 (not March, 2012).  This was before the September, 2011 hearing on Wortley's renewed motion to dismiss the bankruptcy.  As a result, Wortley's state court attorney submitted an inaccurate affidavit in support of Wortley's Rule 60(b) Motion wherein he averred that the subject documents were first "discovered" on March 29, 2012.  These facts are not yet in the record because neither the bankruptcy court nor the district court held a hearing on Wortley's allegation of intentional non-production.  Wortley cannot now be heard to complain of the Defendants' conduct, and thus seek equitable relief, where Wortley has misled both this Court and the Eleventh Circuit Court of Appeals (the "Eleventh Circuit").

## SECOND AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE

As and for their Second Affirmative Defense, Defendants assert that to the extent Wortley sustained any loss by reason of the purported discovery misconduct or otherwise, that loss was caused directly or indirectly by Wortley or those agents acting on behalf of Wortley, such that Wortley could have avoided such loss had he acted prudently and promptly in reviewing the subject discovery documents when they were first made available to him in or before June, 2011.

## THIRD AFFIRMATIVE DEFENSE: EQUITABLE ESTOPPEL

As and for their Third Affirmative Defense, Defendants assert that any loss or damage

Wortley allegedly suffered was due to Wortley's own actions, and was not based on the filing of the involuntary bankruptcy petition nor any alleged bad faith or misconduct by the Defendants.

### FOURTH AFFIRMATIVE DEFENSE: RELIEF IN NATURE OF SANCTIONS

As and for their Fourth Affirmative Defense, Defendants assert that to the extent Wortley sustained any loss by reason of the purported discovery misconduct or other alleged misconduct, that loss was caused directly or indirectly by Wortley or those agents acting on behalf of Wortley, such that Wortley could have easily avoided such loss had he acted prudently and promptly in reviewing the subject discovery documents when they were first made available to him in or before June, 2011, and therefore Defendants' conduct in prosecuting and defending this action did not multiply Wortley's costs and/or expenses "unreasonably and vexatiously" under 28 U.S.C. § 1927. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230 (11th Cir. 2006). As a result, Wortley is not entitled to the "sanctions" remedy of 28 U.S.C. § 1927. Notwithstanding same, the Eleventh Circuit Opinion clearly contemplated that Defendants would receive a full trial on all factual issues, including, but not limited to, any and all allegations of purported misconduct.

### FIFTH AFFIRMATIVE DEFENSE: 28 U.S.C. § 1927 NOT APPLICABLE

As and for their Fifth Affirmative Defense, Defendants assert while there is a split in authority, bankruptcy courts do not have authority pursuant to 28 U.S.C. § 1927 to award fees against attorneys. *See*, *In re Rookery Bay*, 195 B.R. 811 (Bankr. M.D. Fla. 1996); *Lauber v. Gremli (In re Lauber)*, 179 B.R. 712, 715 (Bankr. M.D. Fla. 1995) (bankruptcy court not entitled to award sanctions pursuant to § 1927 because it is merely a "unit" of the district court, not independent "court of the United States"); *Jones v. Santa Fe (In re Courtesy Inns)*, 40 F.3d 1084, 1086 (10th Cir. 1994) (bankruptcy court not a "court of the United States," and lacks jurisdiction

to impose sanctions under § 1927); *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490 (B.A.P. 9th Cir. 1995) (BAP not "court of the United States"); and *In re Westin Capital Markets, Inc.*, 184 B.R. 109, 117-118 (Bankr. D. Or. 1995) (following *Courtesy Inns*).

## SIXTH AFFIRMATIVE DEFENSE: UNJUST ENRICHMENT

As and for their Sixth Affirmative Defense, Defendants assert that the relief requested by Wortley constitutes unjust enrichment and should be disallowed as it exceeds the scope contemplated by the Eleventh Circuit Opinion.

## SEVENTH AFFIRMATIVE DEFENSE: DUE PROCESS

As and for their Seventh Affirmative Defense, Defendants assert that failure to hold a full evidentiary hearing / trial on Counts X and XII would deprive Defendants of due process where neither the bankruptcy court nor the district court held a hearing on Wortley's allegation of intentional non-production and other alleged misconduct that Wortley first raised in his Rule 60(b) Motion and later in the appeal to the Eleventh Circuit. Instead, both courts rejected Wortley's Rule 60(b) Motion on legal grounds, which was the error urged on appeal. Moreover, these issues were never addressed prior to the filing of the Rule 60(b) Motion as there was never a full hearing on either of Wortley's motions to dismiss for bad faith. Instead, the parties proffered all evidence, including testimony of witnesses via deposition transcripts, during the hearing on Wortley's [first] motion to dismiss.[1] Moreover, after the conclusion of Wortley's case during the hearing on Wortley's [second] motion to dismiss, the Court granted Chrispus Venture Capital, LLC ("Chrispus")'s *Ore Tenus* Motion for Judgment on Partial Findings pursuant to Federal Rules of Bankruptcy Procedure 7052(c) and denied the [second] motion to dismiss with prejudice. As a result, Chrispus never put on its case in chief during the evidentiary hearing on

---

[1] Wortley withdrew his [first] motion to dismiss immediately prior to the Court's deadline for the parties to submit proposed findings of fact and conclusions of law [ECF No. 90].

the [second] motion to dismiss.  Accordingly, no court has received or considered all of the evidence (or any evidence) regarding the alleged misconduct that will be submitted at the evidentiary hearing / trial in this matter.

## EIGHTH AFFIRMATIVE DEFENSE: FRAUD ON THE COURT

As and for their Eighth Affirmative Defense, Defendants assert the evidence will show that the discovery documents, which are the subject of purported discovery misconduct and other alleged misconduct, were made available to Wortley no later than June, 2011 (not March, 2012). This was <u>before</u> the September, 2011 hearing on Wortley's renewed motion to dismiss the bankruptcy.  By filing the Rule 60(b) Motion and affidavit in support, and by filing the instant claims and all appellate claims, Wortley committed fraud on the court by certifying he found "new evidence" when he knew that the subject discovery documents were available prior to the September, 2011 trial.

## NINTH AFFIRMATIVE DEFENSE: NO COLLATERAL ESTOPPEL

As and for their Ninth Affirmative Defense, Defendants assert that the Eleventh Circuit is not, by its own precedent, a fact finder.  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1293 (11th Cir. 2010) ("[A]s everyone knows, appellate courts may not make fact findings"); *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 967 n. 6 (11th Cir. 2007) ("Because we are not factfinders, when we need facts to resolve legal questions before us, we return the case to the district court on limited remand for the requisite factfinding or determination of specific factual issues.").  As stated above, neither the bankruptcy court nor the district court held a hearing on Wortley's allegation of intentional non-production or any other factual issues raised by the Eleventh Circuit Opinion; accordingly, there was no record of the issue before the Eleventh Circuit.  Thus, the Eleventh Circuit Opinion does not create a collateral estoppel issue with respect to the purported

discovery misconduct.   The Eleventh Circuit Opinion clearly contemplated that Defendants would receive a full trial on all factual issues.   In addition, collateral estoppel is not available where the prior judgment was procured by fraud.

### TENTH AFFIRMATIVE DEFENSE: DISGORGEMENT OF PROFITS IS NOT APPLICABLE TO DEFENDANTS

As and for their Tenth Affirmative Defense, Defendants assert that the receipt of their legal fees and costs which were advanced by their client, Chrispus, do not constitute "profit" as that word is used in the Eleventh Circuit Opinion.   Further, disgorgement requires Defendants "to pay back," which could only apply to be a return of monies to Defendants' client, Chrispus [not Wortley] since Defendants have never been paid by anyone other than Chrispus.   This is not what the Eleventh Circuit contemplated.    Moreover, Wortley has his own claim for reimbursement of his attorneys' fees and costs based on the Eleventh Circuit Opinion.   As a result, there is no legal entitlement to disgorgement by the Defendants.

### JOINDER

To the extent any other defendant in this action is similarly situated to the Defendants, the Defendants may join in any affirmative defenses filed by said defendant(s), to the extent that such affirmative defenses are not addressed herein.

### RESERVATION OF RIGHTS

Defendants hereby reserve their right to amend their Affirmative Defenses as discovery in this matter is ongoing.

Dated this 23rd day of December, 2015.

**RICE PUGATCH ROBINSON, P.A.**
*Counsel for Defendants, Chad P. Pugatch and Rice*
*Pugatch Robinson & Schiller, P.A.*
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone:     (954) 462-8000
Facsimile:      (954) 462-4300

By:     Chad P. Pugatch
     CHAD P. PUGATCH
     Florida Bar No.: 220582
     CRAIG A. PUGATCH
     Florida Bar No.: 653381
     GEORGE L. ZINKLER, III
     Florida Bar No.: 586986

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was served via either CM/ECF or U.S. Mail to all parties listed on the service list below (as indicated) on December 23, 2015.

     /s/ Chad P. Pugatch
     CHAD P. PUGATCH

## SERVICE LIST

**15-01447-RBR Notice will be electronically mailed to:**

Tara Campion on behalf of Plaintiff Joseph G Wortley
tcampion@rogowlaw.com,wbaldiga@brownrudnick.com;jgarfinkle@brownrudnick.com;acunningham@brownrudnick.com;cennis@brownrudnick.com;lcharron@brownrudnick.com;berkley.sweetapple@gmail.com

Catherine E Douglas on behalf of Defendant Chrispus Venture Capital, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant Richard Tarrant
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Michael I Goldberg, Esq on behalf of Defendant Chrispus Venture Capital, LLC
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Michael I Goldberg, Esq on behalf of Defendant Richard Tarrant
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Nolan K. Klein on behalf of Defendant James C Juranitch
klein@nklegal.com, amy@nklegal.com

George L. Zinkler on behalf of Defendant Rice Pugatch Robinson Schiller, PA
gzinkler.ecf@rprslaw.com

George L. Zinkler on behalf of Defendant Chad P. Pugatch
gzinkler.ecf@rprslaw.com

**15-01447-RBR Notice will not be electronically mailed to:**

William R Baldiga, Esq on behalf of Plaintiff Joseph G Wortley
Brown Rudnick LLP
7 Times Square
New York, NY 10036

Jesse N Garfinkle on behalf of Plaintiff Joseph G Wortley
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

Bruce S Rogow, Esq on behalf of Plaintiff Joseph G Wortley
500 East Broward Blvd , Suite 1930
Ft. Lauderdale, FL 33394