UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>GLOBAL ENERGIES, LLC,<br>f/k/a 714 Technologies, LLC,<br><br>   Debtor. | Case Number: 10-28935-RBR |
| JOSEPH G. WORTLEY,<br><br>   Plaintiff,<br><br>      v.<br><br>RICHARD TARRANT, JAMES JURANITCH, CHRISPUS VENTURE CAPITAL, LLC, CHAD P. PUGATCH, RICE PUGATCH ROBINSON & SCHILLER, P.A., AND PLASMA POWER, LLC,<br><br>   Defendants. | Adversary Number: 15-01447-RBR |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, James Juranitch ("Defendant"), hereby files his Answer and Affirmative Defenses to Joseph G. Wortley ("Plaintiff")'s Complaint for Relief on Remand from the Eleventh Circuit Court of Appeals, as modified by this Court's Order dated December 4, 2015 [D.E. 85], as follows:

## NATURE OF THE ACTION

1. Denied that Plaintiff has standing to bring this action in any capacity other than on behalf of himself, in his personal capacity.

2. Denied.

3. The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, speak for themselves, and Defendant denies Plaintiff's reading and interpretation of those findings and directives. Accordingly, this Paragraph is denied, including all subparts.

4. This Paragraph is nothing more than a statement of Plaintiff's desired relief. To the extent that the content of this Paragraph must be admitted or denied, it is denied.

5. Denied that Defendant engaged in any wrongful conduct, or caused any damage to Plaintiff or the Debtor's estate. All other allegations are denied.

## PARTIES

6. Admitted that Plaintiff had an ownership interest in Global Energies, LLC. All other allegations are denied.

7. Admitted that Defendant had an ownership interest in Global Energies, LLC. All other allegations are denied.

8. Unknown as to the content of Plaintiff's own information and belief, therefore denied.

9. Unknown as to the content of Plaintiff's own information and belief, therefore denied.

10. Unknown as to the content of Plaintiff's own information and belief, therefore denied.

11. Unknown as to the content of Plaintiff's own information and belief, therefore denied.

12. Unknown as to the content of Plaintiff's own information and belief, therefore denied.

## JURISDICTION

13. Admitted for jurisdictional purposes only, otherwise denied.

14. Admitted that this Court should enter all final orders and judgments in this case. All other allegations are denied.

15. Admitted for venue purposes only, otherwise denied.

**FACTUAL ALLEGATIONS**

16. The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, speak for themselves, and Defendant denies Plaintiff's reading and interpretation of those findings and directives. All factual allegations in this Paragraph are denied.

17. Denied as worded.

18. Denied as worded.

19. The Operating Agreement speaks for itself; accordingly, the contents of this Paragraph are denied.

20. This Paragraph contains multiple allegations of fact, which should be separated into separate paragraphs. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

21. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

22. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

23. Denied.

24. Unknown, therefore denied.

25. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

26. Unknown, therefore denied.

27. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

28. This Paragraph contains multiple allegations of fact, which should be separated into separate paragraphs. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

29. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

30. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

31. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

32. Unknown as to Plaintiff's information and belief, therefore denied.

33. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

34. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

35. Denied.

36. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted that Plaintiff has not been offered any interest in Plasma Power. All other allegations are denied.

42. Denied.

43. Denied.

44. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

45. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

46. Denied.

47. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

48. Denied.

49. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

50. Denied.

51. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

52. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

53. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, speak for themselves and Defendant denies Plaintiff's reading and interpretation of those findings and directives. All factual allegations in this Paragraph are denied.

54. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

55. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

56. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

57. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

58. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

59. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

60. Denied.

61. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

62. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

63. Admitted that Plaintiff's Rule 60(B) motion was denied and that the denial was appealed. All other allegations are denied.

64. The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, speak for themselves and Defendant denies Plaintiff's reading and interpretation of those findings and directives. All factual allegations in this Paragraph are denied.

65. The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, speak for themselves and Defendant denies Plaintiff's reading and interpretation of those findings and directives. All factual allegations in this Paragraph are denied.

66. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

67. The attachments referenced herein speak for themselves (without admitting the authenticity of any such attachment). All factual allegations contained in this Paragraph are denied.

## COUNT I – AVOIDANCE OF SALE
(Against Chrispus Pursuant to 11 U.S.C. § 549(a))

68. Defendant re-avers his answers to Paragraphs 1 through 67 above, as though fully set forth herein.

69. Count I is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

70. Count I is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

71. Count I is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

72. Count I is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

73. Count I is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

## COUNT II – RECOVERY OF AVOIDED SALE
### (Against Chrispus Pursuant to 11 U.S.C. § 550(a))

74. Defendant re-avers his answers to Paragraphs 1 through 73 above, as though fully set forth herein.

75. Count II is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

76. Count II is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

## COUNT III – PRESERVATION OF TRANSFER
### (Pursuant to 11 U.S.C. § 551)

77. Defendant re-avers his answers to Paragraphs 1 through 76 above, as though fully set forth herein.

78. Count III is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

79. Count III is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

## COUNT IV – EQUITABLE SUBORDINATION OF DEFENDANTS' INTERESTS IN THE DEBTOR
### (Against Mr. Tarrant, Mr. Juranitch, and Chrispus Pursuant to 11 U.S.C. § 510(c)(1))

80. Defendant re-avers his answers to Paragraphs 1 through 79 above, as though fully set forth herein.

81. The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, speak for themselves and Defendant denies Plaintiff's reading and interpretation of those findings and directives. All factual allegations in this Paragraph are denied.

82. Denied.

83. Denied.

### COUNT V – DISMISSAL OF INVOLUNTARY PETITION
**(Pursuant to 11 U.S.C. § 303, Bankruptcy Rule 1011 and Fla. Stat. § 605.0802)**

84. This Count has been dismissed and requires no response.

85. This Count has been dismissed and requires no response.

86. This Count has been dismissed and requires no response.

87. This Count has been dismissed and requires no response.

### COUNT VI – RECOVERY OF DAMAGES IN CONNECTION WITH DISMISSAL OF INVOLUTARY PETITION
**(Against All Defendants Pursuant to 11 U.S.C. § 303(i) and Fla. Stat. 605.0808)**

88. This Count has been dismissed and requires no response.

89. This Count has been dismissed and requires no response.

90. This Count has been dismissed and requires no response.

91. This Count has been dismissed and requires no response.

92. This Count has been dismissed and requires no response.

93. This Count has been dismissed and requires no response.

### COUNT VII – PAYMENT OF MR. WORTLEY'S ALLOWED CLAIM
**(Pursuant to 11 U.S.C. § 502(a))**

94. This Count has been dismissed and requires no response.

95. This Count has been dismissed and requires no response.

96. This Count has been dismissed and requires no response.

## COUNT VIII – EQUITABLE DISALLOWANCE OF THE CHRISPUS CLAIM
### (Against Chrispus)

97. Defendant re-avers his answers to Paragraphs 1 through 96 above, as though fully set forth herein.

98. Count VIII is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

99. Count VIII is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

## COUNT IX – TRANSFER OF DEFENDANTS' MEMBERSHIP INTERESTS IN, AND ACCOUNTING AND DISGORGEMENT OF DEFENDANTS' ADDITIONAL PROFITS FROM, PLASMA POWER
### (Against Chrispus, Mr. Juranitch, Mr. Tarrant, and Plasma Power)

100. This Count has been dismissed and requires no response.

101. This Count has been dismissed and requires no response.

102. This Count has been dismissed and requires no response.

## COUNT X – ACCOUNTING AND DISGORGEMENT OF DEFENDANTS' LEGAL FEES
### (Against Mr. Pugatch and RPRS)

103. Defendant re-avers his answers to Paragraphs 1 through 102 above, as though fully set forth herein.

104. Count X is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

105. Count X is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

### COUNT XI – REIMBURSEMENT OF PLAINTIFF'S ATTORNEYS' FEES AND COSTS
**(Against All Defendants)**

106. This Count has been dismissed and requires no response.

107. This Count has been dismissed and requires no response.

108. This Count has been dismissed and requires no response.

### COUNT XII – REIMBURSEMENT OF PLAINTIFF'S EXCESS COSTS, EXPENSES AND ATTORNEYS' FEES
**(Against Mr. Pugatch and RPRS Pursuant to 28 U.S.C. § 1927)**

109. Defendant re-avers his answers to Paragraphs 1 through 102 above, as though fully set forth herein.

110. Count XI is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

111. Count X is not directed as against Defendant, and requires no response. To the extent any allegation within this Paragraph relates to Defendant, or is relied upon in

furtherance of any Count that is directed against Defendant, each and every such allegation is hereby denied.

### COUNT XIII – ATTACHMENT TO DEFENDANTS' PROPERTY
### (Against All Defendants Pursuant to Florida Statute §§ 76.03-.08)

112. This Count has been dismissed and requires no response.

113. This Count has been dismissed and requires no response.

114. This Count has been dismissed and requires no response.

115. This Count has been dismissed and requires no response.

### COUNT XIV – AMENDMENT OF PLEADINGS
### (Pursuant to Bankruptcy Rule 7015(b)(2))

116. This Count has been dismissed and requires no response.

117. This Count has been dismissed and requires no response.

118. This Count has been dismissed and requires no response.

### DEMAND FOR JURY TRIAL

All of Plaintiff's pending claims are equitable in nature, and Plaintiff has no right to any jury trial on any claim pending in this case, and Plaintiff's demand for a jury trial should therefore be stricken. Defendant hereby joins in, adopts, and fully incorporates and avers the Motion to Strike Plaintiff's Demand for Jury Trial filed by Defendants, Chrispus Venture Capital, LLC, Richard Tarrant, and Plasma Power, LLC [D.E. 96], and the Motion to Strike Plaintiff's Jury Trial Demand filed by Defendants, Chad P. Pugatch, and Rice, Pugatch, Robinson, Schiller, P.A. [D.E. 98], as though fully and completely set forth herein.

### AFFIRMATIVE DEFENSES

As and for his affirmative defenses, Defendant states:

1.  **Statute of Limitations or Repose**. Plaintiff is barred from making the allegations set forth in his complaint to the extent that the timing of his allegations violate any applicable statute of limitations or statute of repose.

2.  **Unclean Hands**. Plaintiff's conduct has been of such a nature and character that the doctrine of unclean hands bars him from coming before this Court and seeking affirmative relief in this case, particularly equitable relief. This includes Plaintiff's conduct both prior to the filing of the subject involuntary bankruptcy, as well as Plaintiff's conduct within the bankruptcy proceedings themselves.

3.  **Lack of Standing**. Each and every claim asserted by Plaintiff alleges damages incurred by virtue of injury to the business of Global Energies LLC; each such claim is derivative in nature and cannot be stated by Wortley. Plaintiff is claiming that Juranitch took action which hurt Global Energies LLC and that he (a person with a financial stake in Global) was harmed as an intended consequence. However, in his mere capacity as a person who anticipated profiting by his investment in Global, Wortley has no right to bring claims against Juranitch. The right to claim that Juranitch took company property, or otherwise acted in a way that harmed the business, is vested in Global alone, no matter what ulterior motives are alleged. Moreover, Plaintiff lacks standing to the extent that he purports to take any action on behalf of, or for the benefit of, Global Energies, LLC, with any such action or purported action being unauthorized.

4.  **Due Process**. The findings and directives issued by the Eleventh Circuit Court of Appeals on August 15, 2014, are inapplicable to Defendant, who was not a party to the appeal out of which those finding and directives arise. In re American Fuel & Power Co., 122 F.2d 223 (6th Cir. 1941)(In bankruptcy proceeding . . . a corporation, which is not party to appeal

from district court's orders . . . and did not appear in district court by attorney or otherwise . . . is not bound by facts in the record or those stated in the opinion of the Circuit Court of Appeals).

5. **Economic Loss Rule.** Plaintiff cannot bring this lawsuit as result of Florida's Economic Loss Rule, which prohibits parties from bringing non-contract actions based on relations governed by a contract. According to Plaintiffs own allegations, his relationship with this Defendant is governed by the amended and restated operating agreement. Accordingly, Plaintiffs claims are bared by Florida's Economic Loss Rule.

6. **Joinder**. Defendant hereby specifically joins in, incorporates, and avers, each and every affirmative defense asserted by every other defendant in this case within his/its/their Answer and Affirmative Defenses, including all affirmative defenses pled by Defendants, Chrispus Venture Capital, LLC, Richard Tarrant, and Plasma Power, LLC [D.E. 95], and all affirmative defenses pled by Defendants, Chad P. Pugatch, and Rice, Pugatch, Robinson, Schiller, P.A. [D.E. 97], as though fully and completely set forth herein.

7. **Reservation of Rights**. Defendant reserves the right to supplement and/or amend these Affirmative Defenses as and if appropriate, at any time, as discovery in this case proceeds.

    Respectfully Submitted,

    **Law Offices of Nolan Klein, P.A.**
    *Attorneys for James Juranitch*
    Wells Fargo Tower - Suite 1500
    One East Broward Blvd.
    Ft. Lauderdale, Florida 33301
    PH:    (954)745-0588

    By:  */s/ Nolan K. Klein*
    NOLAN K. KLEIN
    Florida Bar No. 647977
    klein@nklegal.com
    amy@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **23rd** day of **December**, 2015.

>                             By:   /s/ Nolan K. Klein
>                                    NOLAN K. KLEIN

## SERVICE LIST

**15-01447-RBR Notice will be electronically mailed to:**

Tara Campion on behalf of Plaintiff Joseph G. Wortley
tcampion@rogowlaw.com,
wbaldiga@brownrudnick.com;jgarfinkle@brownrudnick.com;cennis@brownrudnick.com;
lcharron@brownrudnick.com;berkley.sweetapple@gmail.com

Michael I. Goldberg, Esq on behalf of Defendant Chrispus Venture Capital, LLC
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Michael I. Goldberg, Esq on behalf of Defendant Richard Tarrant
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Nolan K. Klein on behalf of Defendant James C. Juranitch
klein@nklegal.com, amy@nklegal.com

George L. Zinkler on behalf of Defendant Rice Pugatch Robinson Schiller, PA
gzinkler.ecf@rprslaw.com

George L. Zinkler on behalf of Defendant Chad P. Pugatch
gzinkler.ecf@rprslaw.com

**15-01447-RBR Notice will not be electronically mailed to:**

William R. Baldiga, Esq on behalf of Plaintiff Joseph G. Wortley
Brown Rudnick LLP
7 Times Square
New York, NY  10036

Jesse N. Garfinkle on behalf of Plaintiff Joseph G. Wortley
Brown Rudnick LLP
One Financial Center
Boston, MA  02111